### 17707.  BEARD v. THE STATE.

BROYLES, C. J.  1.  The defendant was indicted, under section 118 of the
Penal Code of 1910, for the offense of blackmail.  The indictment charged
the offense substantially in the language of the statute, and the over-
ruling of the demurrer was not error.

2.  The indictment charged that the accused did "verbally accuse George
Clements with the crime of having sexual intercourse with [a named
woman], and did compel the said George Clements, against his will, to
give him ten dollars in money and of the value of ten dollars, all being
done by the said M. S. Beard [the accused] with the intent to extort
money and other thing of value from the said George Clements against
his will, and the said M. S. Beard did then and there unlawfully, wrong-
fully, and fraudulenty extort ten dollars in money and of the value of
ten dollars from the said George Clements."  Upon the trial the evi-
dence failed to support the charge in the indictment that the defendant
verbally accused George Clements of the crime of having sexual inter-
course with the woman named.  Clements, the prosecuting witness,
testified that the defendant made no such accusation, and no other wit-
ness testified to the contrary.  It follows that there was a fatal variance
between the indictment and the proof, and that the defendant's convic-
tion was contrary to law.

*Judgment reversed.  Luke, J., concurs.  Bloodworth, J., absent on account
of illness.*

DECIDED JANUARY 11, 1927.

Blackmail; from Floyd superior court—Judge Maddox.  Sep-
tember 27, 1926.

*Harris & Harris,* for plaintiff in error.

*J. F. Kelly, solicitor-general,* contra.

---

Extortion, 25 C. J. p. 239, n. 97; p. 241, n. 42.
Indictment and Information, 31 C. J. p. 708, n. 28; p. 720, n. 55.
Threats, 38 Cyc. p. 296, n. 71.